[Civ. No. 24970. First Dist., Div. Four. Oct. 22, 1968.]

ROBERT WORTHINGTON, Plaintiff and Appellant, v. STATE BOARD OF CONTROL, Defendant and Respondent.

Gladstein, Andersen, Leonard & Sibbett, Richard Gladstein and Norman Leonard for Plaintiff and Appellant.

Thomas C. Lynch, Attorney General, and Burton J. Stanley. Deputy Attorney General, for Defendant and Respondent.

CHRISTIAN, J. — Robert Worthington appeals from a judgment denying a writ of mandate to compel respondent State Board of Control to set aside its action upon his claim for indemnification under Penal Code section 13600 et seq. He contends that the award should have included an allowance analogous to the general damages which would be recoverable in a tort action for personal injuries. The petition also prayed for an award of general and special damages by the court itself in an aggregate amount of $152,777.50. We affirm the judgment.

In order to encourage volunteer crime prevention by private citizens, the Legislature has established a procedure for indemnification of "any injury or damage [private citizens] may sustain as a direct consequence of their meritorious action." (Stats. 1965 ch. 1395, p. 3315; Pen. Code, §§ 13600-13603.) The statute provides that a citizen who has suffered "personal injury or damage to his property in preventing the commission of a crime . . . may file a claim for indemnification . . . with the State Board of Control. . . ." (Pen. Code,

§ 13601.) Thereupon the Board of Control is to conduct a hearing and receive evidence on matters specified by the statute as bearing on the question of indemnity and "submit a report of the facts and its conclusion to the Legislature, and a recommendation that an appropriation be made by the Legislature for the purposes of indemnifying the claimant." (Pen. Code, § 13602.) Here appellant commendably disclosed to the police that he had been invited to participate in a conspiracy to commit a burglary. Knowing that the coconspirators were dangerous, appellant consented to simulate participation in the scheme while acting as a police informer. Through mischance his true role was disclosed to the conspirators who later persecuted him relentlessly, forcing him to move several times and causing fear, nervousness and the loss of appellant's business. After conducting the required hearing, the Board of Control recommended that the Legislature appropriate an indemnity benefit in the amount of $2,777.50 to cover appellant's moving and medical expenses. The award was to be reduced by $1,000 because of rewards previously paid by prosecuting authorities.

The benefit to be paid appellant was lumped with other items recommended by the Board of Control to be paid, and after hearings before money committees of both houses, at which a representative of the Board of Control testified in support of the board's recommendation, the Legislature adopted the recommendation by appropriating a lump sum of $99,190 from the State General Fund for payment of various items totaling that amount. The appropriation included $1,777.50 recommended to be paid to appellant, all as itemized in a document filed by the secretary of the Board of Control. (See Budget Act of 1967 (Stats. 1967) ch. 500, item 256 (a).)

Upon passage of the Budget Act, appellant was notified that the amount appropriated for payment of his claim would be paid upon his executing a full release of all claims against the state relating to the subject matter of his claim. The release was executed and a warrant in the amount of $1,777.50 was thereupon delivered to appellant. ██ Respondent has moved to dismiss this appeal on the theory that the release extinguishes any cause of action, rendering the present appeal moot. Appellant opposes the motion, claiming that he was legally entitled to at least $1,777.50 and that the payment of that sum by the state therefore afforded no consideration for the release. But Civil Code section 1541 provides: "An obligation is extinguished by a release therefrom given to the debtor

by the creditor, upon a new consideration, or in writing, with or without new consideration.'' It has uniformly been held, that ''where the writing is plain and explicit and given for the express purpose of effecting a complete release of the obligation, a consideration is not necessary.'' (*Crow* v. *P.E.G. Constr. Co., Inc.* (1957) 156 Cal.App.2d 271, 277 [319 P.2d 47]; *Newman* v. *Albert* (1959) 170 Cal.App.2d 678, 683 [339 P.2d 588]; 42 Cal.Jur.2d, Release, § 10, p. 702.)

Nevertheless, we consider the release to have been totally ineffective. The program of indemnity under which appellant claims benefits exists only by reason of the statutes we have reviewed; the procedures for administration of the program are as specified in the statute or by lawful rules prescribed by the Board of Control.[1] Neither the statutes nor the Board of Control rules (title 2, Cal. Admin. Code, § 647 et seq.) refer to any requirement of a release. When the Legislature acted upon the Board of Control's recommendation by appropriating money for payment of a portion of appellant's claim, that action constituted a determination by the state authority having jurisdiction over the program as to the amount to be paid. Once that determination was made, the further role of the Board of Control staff was only ministerial; it was to see to the drawing of funds and the transmittal thereof to the claimant. The volunteer act of a zealous employee in seeking to hold the legislative appropriation to ransom until appellant signed a general release was without authority. The claimant would have been entitled to a writ of mandate to compel the delivery of a warrant drawn in accordance with the appropriation, but we do not think he lost any rights by failing to assume the expense of that remedy; where the giving of the release was imposed as an unlawful condition to payment, we hold that the release was of no effect. Therefore the motion to dismiss the appeal must be denied.

Nonetheless, the appeal has no merit. The statute which we have reviewed does no more than create a procedure through which claims for indemnity can be received by the Board of Control and evaluated in a systematic manner before, in the words of Penal Code section 13602, the board presents ''a *recommendation* that an appropriation be made by the Legislature. . . .'' (Italics added.) This language is in sharp contrast with such enactments as the California Tort

---

[1] Penal Code section 13603: ''The Board of Control is hereby authorized to make all needful rules and regulations consistent with the law for the purpose of carrying into effect the provisions of this act.''

Claims Act of 1963 (see, e.g., Govt. Code, § 815.2, subd. (a): "A public entity is *liable* for injury proximately caused. . . ." [Italics added.]). Here no liability for indemnification for any injury whatever has been assumed by the state.

█ If a claimant is not satisfied with the Board of Control's recommendation, he may approach his legislative representatives and seek hearings before the appropriate subcommittee of the Assembly Ways and Means Committee or the Senate Finance Committee in order to urge the justice of a larger compensation than was recommended by the board. █ In turn, the Legislature is free to reduce, increase or totally reject the Board of Control's recommendation.

█ For purposes of this program, the Board of Control acts in an advisory staff capacity to the Legislature. If there is dissatisfaction with the procedures followed by the board, the rules adopted by it, or the advice it gives to the Legislature, the remedies are exclusively legislative: the statute can be changed or a meritorious claim can be augmented in the appropriation. There is no provision for any court either to make a direct award of money damages (where the statute creates no liability) or to specify what kind of advice the Board of Control shall render to the Legislature. (See Deering, California Administrative Mandamus (Cont. Ed. Bar) Practice Book No. 31, Berkeley (1966) for an outline of the limitations of mandamus as a method of reviewing the actions of governmental agencies.)

The motion to dismiss the appeal is denied. The judgment is affirmed.

Devine, P. J., and Rattigan, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 18, 1968.