[Civ. No. 36897. First Dist., Div. Two. Feb. 23, 1976.]

LILLIAN D. HARTWAY et al., Plaintiffs and Appellants, v.
STATE BOARD OF CONTROL et al., Defendants and Respondents.

**COUNSEL**

Clifford C. Sweet, Malcolm B. Hunter and John H. Erickson for Plaintiffs and Appellants.

Evelle J. Younger, Attorney General, and J. L. Henderson, Deputy Attorney General, for Defendants and Respondents.

**OPINION**

**THE COURT.**\*—The facts in the matter before us are not in dispute. Therefore, the question of whether respondent State Board of Control should be estopped from denying appellants' claim for indemnification

---

\*Before Taylor, P. J., Kane, J., and Rouse, J.

under then sections 13960-13966 of the Government Code[1] on the basis that said claims were not filed in compliance with the one-year filing requirement is one of law. (*Crumpler* v. *Board of Administration* (1973) 32 Cal.App.3d 567, 581 [108 Cal.Rptr. 293].)

 It is not contested that the Oakland Police Department failed to advise appellants of the victims of crime legislation. Respondents argue that "nothing respondent State does depends at all upon the actions of the Oakland Police Department. The police department and the State are not in privity . . . ." The statute and case law belie respondents' argument. The policy regarding indemnification of private citizens who are victims of crimes was, at the time of the events which occurred here, set forth in section 13960—"it serves a public purpose, and is of benefit to the state, to indemnify those needy residents of the State of California who are victims of crimes committed in the State . . . ." Subdivision (a) of section 13965 placed an obligation on the law enforcement agency investigating the crime to provide forms to each person "who may be eligible to file a claim pursuant to this chapter." Subdivision (b) of the same section required the investigating law enforcement agency to notify respondent board of the failure of claimants to cooperate with the investigation, and section 13963 permitted the board to deny a claim where information of noncooperation had been furnished to it.

The failure of the Oakland Police Department to provide claim forms is a valid basis upon which estoppel may be asserted. While the trial court found that "[r]espondents did nothing to mislead [appellants] into not filing their claim . . . within one year," "[w]hen one is under a duty to speak, and has an opportunity to do so, knowing the circumstances require it, an estoppel may arise from his silence. [Citation.]" (*Lucas* v. *Board of Trustees* (1971) 18 Cal.App.3d 988, 993 [96 Cal.Rptr. 431], hg. den.) An estoppel binds not only the immediate parties to the transaction but those in privity with them. (*Lerner* v. *Los Angeles City Board of Education* (1963) 59 Cal.2d 382, 397 [29 Cal.Rptr. 657, 380 P.2d 97].) A public agency may not avoid estoppel by privity on the ground the conduct giving rise to estoppel was committed by an independent public entity. (*Id.,* at pp. 398-399; *Crumpler, supra,* 32 Cal.App.3d at pp. 582-583.)

 Under the circumstances here present, we hold that respondents are estopped to deny appellants' claim. Estoppel may be invoked

[1]All section references are to the Government Code. Sections 13960-13966 were repealed by Statutes 1973, chapter 1144, section 1, page 2348, operative July 1, 1974.

against a governmental agency where " ' "justice and right" ' " require it. (*Id.*, at p. 581.) It is abundantly clear that the purpose of the statute is achieved by the result we have reached. We note also that the result is in harmony with the victims of crime legislation, operative July 1, 1974 (Stats. 1973, ch. 1144, § 2, p. 2348), and subdivision (c) of section 13961 therein which provides that the State Board of Control may grant an extension of the one-year filing period.

The order appealed from is reversed and the cause remanded with directions to issue the peremptory writ of mandate.