[Civ. No. 17261. Third Dist. Aug. 28, 1978.]

RODNEY O. EBBERTS, Plaintiff and Appellant, v.
STATE BOARD OF CONTROL, Defendant and Respondent.

**COUNSEL**

Joseph B. Harvey and Harvey & Bradbury for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, John M. Morrison, Bruce J. Braverman, and Philip B. Laird, Jr., Deputy Attorneys General, for Defendant and Respondent.

**OPINION**

**REGAN, J.**—This is an appeal by plaintiff (Ebberts) from the judgment (order) of the superior court denying his petition for a writ of mandate. Ebberts had sought to compel the defendant Board of Control of the State of California (board) to act affirmatively under Penal Code sections 4900 to 4904, inclusive, providing for the payment of monetary indemnity by the state to persons erroneously convicted of a crime. The board, after hearing Ebberts' claim, denied it.

Ebberts was found guilty of seven counts of second degree burglary and one count of first degree burglary in the Modoc County Superior Court. He had pleaded not guilty and not guilty by reason of insanity. The trial was bifurcated and there was evidence at both the guilt phase and at the sanity phase on the issue of Ebberts' mental condition. The jury found him guilty at the first phase and at the second phase found he was sane at the time the crimes were committed. Ebberts was sentenced to state prison.

Ebberts appealed to this court and we reversed his conviction on the ground of prosecutorial misconduct in the closing argument to the jury at the sanity phase of the trial. The cause was remanded for a new trial only "on the issue raised by defendant's plea of not guilty by reason of insanity."

Thereafter, the matter was retried by the trial court without a jury, with the matter submitted, by agreement, on the transcript of the previous trial on the single issue of whether defendant was not guilty by reason of insanity. The trial court found the defendant not guilty by reason of insanity. As a result of his conviction Ebberts served over one year in state prison.

On May 16, 1977, Ebberts timely presented his claim to the board seeking compensation under Penal Code sections 4900 to 4905, inclusive, for erroneous and wrongful conviction and imprisonment.

Penal Code section 4900 reads in its entirety as follows: "Any person who, having been convicted of any crime against the State of California amounting to a felony, and having been imprisoned therefor in a State prison of this State shall hereafter be granted a pardon by the Governor of this State for the reason that the crime with which he was charged was either not committed at all or, if committed, was not committed by him, or who, being innocent of the crime with which he was charged for either of the foregoing reasons, shall have served the term or any part thereof for which he was imprisoned, may, under the conditions hereinafter provided, present a claim against the State to the State Board of Control for the pecuniary injury sustained by him through such erroneous conviction and imprisonment."

Penal Code section 4903 reads: "On such hearing the claimant shall introduce evidence in support of the claim, and the Attorney General may introduce evidence in opposition thereto. The claimant must prove the facts set forth in the statement constituting the claim, including the fact that the crime with which he was charged was either not committed at all, or, if committed, was not committed by him, the fact that he did not, by any act or omission on his part, either intentionally or negligently, contribute to the bringing about of his arrest or conviction for the crime with which he was charged, and the pecuniary injury sustained by him through his erroneous conviction and imprisonment."

Pursuant to authority vested in the board by Government Code section 13920 and Penal Code section 4906, the board has adopted rules and regulations for the presentation and processing of claims for compensation filed by persons allegedly erroneously convicted of crimes. (See Cal. Admin. Code, tit. 2, §§ 640-647.5, inclusive.) Board rule 641 (Cal. Admin. Code, tit. 2, § 641) provides as follows in its entirety: "In reaching its determination of the merits of the claim, claimant's mere denial of commission of the crime for which he was convicted; reversal of the judgment of conviction on appeal; acquittal of claimant on retrial; or, the failure of the prosecuting authority to retry claimant for the crime, may be considered by the Board but will not be deemed sufficient evidence to warrant the Board's recommendation that claimant be indemnified in the absence of substantial independent corroborating evidence that claimant is innocent of the crime charged. Testimony of witnesses claimant had an opportunity to cross-examine, and evidence to which claimant had an opportunity to object, admitted in prior proceedings relating to the claimant and the crime with which he was charged, may be considered by the Board as substantive evidence. The Board may also consider any other information that it may deem relevant to the issue before it."

■ While the final responsibility for interpretation or construction of a legislative enactment rests with the courts, contemporaneous construction by an administrative body charged with carrying out the legislative mandate is entitled to great weight. (See 45 Cal.Jur.2d, Statutes, §§ 176-177, pp. 674-677, and cases collected therein.) Courts generally will not depart from such a construction unless it is clearly erroneous or unauthorized. (*Meyer* v. *Board of Trustees* (1961) 195 Cal.App.2d 420, 431 [15 Cal.Rptr. 717]; *REA Enterprises* v. *California Coastal Zone Conservation Com.* (1975) 52 Cal.App.3d 596, 611 [125 Cal.Rptr. 201].)

■ Ebberts contends that he having been adjudged to be insane, the crimes with which he was charged were not committed. He reasons a crime cannot be committed by an insane person and a determination of not guilty by reason of insanity is a determination of innocence of the charged crimes. Citing sections 15, 20 and 21 of the Penal Code, Ebberts concludes that acts alone do not constitute crimes; that a crime cannot be committed unless there is a union of act and criminal intent, which intent is manifested by the circumstances of the offense and the sound mind and discretion of the accused. In concluding a determination of insanity is a determination of innocence he states: "In *People* v. *Sorenson* (1964) 231 Cal.App.2d 88, 93, this court said: 'A plea of not guilty by reason of insanity is a denial of criminal guilt.' The authority for this statement in

the *Sorenson* case is *People* v. *Wells* (1949) 33 Cal.2d 330, [where] the Supreme Court quoted section 26 of the Penal Code . . . and then stated: 'Section 26 . . . is of double importance in our consideration of the problem before us because it establishes two things: 1. That an insane person is not capable of committing crime; 2. That there are several states of mind, other than of insanity, which render a person incapable of committing crime.' [33 Cal.3d at 348.]

". . . . . . . . . . . . . . . . . . . .

"In *In re Merwin* (1930) 108 Cal.App. 31, the defendant had been found guilty of the charged crime in the first phase of the trial, and not guilty by reason of insanity. . . .

". . . The court quoted section 26 of the Penal Code, which provides that insane persons are incapable of committing crime . . . .

"In a similar vein, the court stated in *People* v. *Marshall* (1929) 99 Cal.App. 224, 228; 'It must be borne in mind that insanity is a complete defense to a criminal charge; an *act committed by an insane person, though otherwise unlawful, is not criminal, and that the law regards a person as innocent* even though he may otherwise have transgressed in a most serious manner. If insane, even though he be convicted, he may by proof of insanity, thus establish his innocence.' [99 Cal.App. at 228, emphasis added.]"

Other cases have stated that due to Penal Code section 26 an insane person is "incapable of committing crime." (See, e.g., *People* v. *French* (1939) 12 Cal.2d 720, 729 [87 P.2d 1014], overruled on other grounds in *People* v. *Valentine* (1946) 28 Cal.2d 121 [169 P.2d 1].)

However, there are cases which put the matter in a significantly different and more rational light, by indicating that what is meant by Penal Code section 26 (and the defense of not guilty by reason of insanity) is that a person cannot be tried, adjudged to punishment, or punished for a public offense, while he is insane. (See *People* v. *Nash* (1959) 52 Cal.2d 36, 51 [338 P.2d 416].) The court in *Nash* emphasized the *defense* characteristics of insanity as distinguished from the doing of the *acts* which constitute a given crime. (*Id.,* at p. 52.) Also, in the case of *People* v. *Wells, supra,* 33 Cal.2d 330 [202 P.2d 53], the court referred to Penal Code section 26, and characterized the plea of not guilty by reason of insanity in a bifurcated trial as a plea of "confession and avoidance"

and a "defense." (*Id.,* at pp. 349-350; see also *People* v. *Sorenson, supra,* 231 Cal.App.2d 88 at p. 93 [41 Cal.Rptr. 657].)

■ It is provided in Penal Code section 4 that all provisions of that code are to be construed, not strictly, but according to the fair import of their terms, and that is what we shall do in connection with Penal Code sections 4900 to 4904, as well as Penal Code section 26. As stated by the court in *Meyer* v. *Board of Trustees, supra,* 195 Cal.App.2d at page 430, we ". . . 'must look to the context [of the statutes] and the result that would follow, in order to arrive at the intent. A literal construction will not always obtain, particularly when such construction leads to an absurdity.' "

■ We interpret the phrase "not committed at all" in 4900 and 4903 to mean the claimant can show the board that he was "innocent" in the sense that he did not do the *acts* which characterize the crime. This is the only sensible meaning we believe we can give to the use of the term "innocent" as used in Penal Code section 4900 and also as used in board rule 641. ■ Ebberts did not contend before the board nor does he contend here that he did not commit the acts which are elements of the crime. ■ The plea of insanity is a plea of confession and avoidance and as such is a *defense.* (See *People* v. *Troche* (1928) 206 Cal. 35, 44 [273 P. 767], disapproved in part on other grounds in *People* v. *Wells, supra,* 33 Cal.2d 330; 1 Witkin, Cal. Crimes (1963) Defenses, § 134, p. 127.) ■ If the Legislature had intended the *defense* of insanity to be included within the meaning of "innocent" as used in Penal Code section 4900, it would not have used the entire phrase therein, i.e., the phrase "being innocent of the crime with which he was charged for either of the foregoing reasons . . . ." The "foregoing reasons" are, of course, that the "crime" was "not committed *at all*" (italics added), or for another reason not here applicable. (See Pen. Code, § 4900.) If the Legislature intended to include a finding of not guilty by reason of insanity (after a finding of guilt as to the commission of the offense itself) under the circumstances of a retrial the Legislature has had ample opportunity to amend the appropriate language into Penal Code sections 4900 and 4903. These sections have been in the Penal Code since 1941 and have never been amended.[1]

---

[1] We note the interesting juxtaposition of the indemnity statute before us and another indemnification statute which applies to *victims* of violent crime. (Gov. Code, §§ 13959-13969.1.) Should Ebberts' rationale in this case be accepted, a victim of a criminal act could not be compensated if the perpetrator were found not guilty by reason of insanity, since there would have been no "crime." (See Gov. Code, § 13960; *Hartway* v. *State Board of Control* (1976) 69 Cal.App.3d 502 [137 Cal.Rptr. 199].)

■ We are convinced that the language in the cases relied upon by Ebberts referring to an insane person as "innocent" or as not a "criminal" is quite sound and proper in the frame of reference of a criminal trial, but that such language has no application to the particular indemnity statute which we are here construing.

The judgment (order) is affirmed.

Puglia, P. J., and Evans, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 9, 1978. Newman, J., was of the opinion that the petition should be granted.