BIGELOW, P. J.,
Dissenting.—I respectfully dissent. The majority misinterprets the application of the pertinent statutes, resulting in a decision that will bind the California Victim Compensation and Government Claims Board (the Board) in many of its future hearings in a misguided manner. Contrary to the majority’s view, Penal Code[1] sections 1485.5, 1485.55, and 4903 do not conflict with one another. Instead, they set out a consistent statutory framework which directs that the Board is bound by credibility determinations and findings forming the basis for orders made by a state or federal court in habeas corpus proceedings only where the district attorney or the Attorney General does not contest the predicate factual allegations. When properly construed in this manner, it is apparent the trial court was correct in finding the Board was not bound by the contested factual findings made by the federal district court when it granted Madrigal’s habeas corpus petition on the ground of ineffective assistance of counsel. Further, substantial evidence supports the Board’s finding that Madrigal failed to demonstrate his innocence. Therefore, I would affirm the trial court’s ruling.
I. The Statutory Framework
California has long had a system for compensating individuals who have been erroneously convicted and incarcerated. (People v. Etheridge (2015) 241
*1121 Cal.App.4th 800, 806 [194 Cal.Rptr.3d 308].) Sections 4900 through 4905 set forth the procedure by which an exonerated convict may present a claim to the Board for “ ‘the pecuniary injury sustained by him or her through the erroneous conviction and imprisonment.’ ” (People v. Etheridge, at p. 807.) In 2013, the Legislature enacted a bill to amend the procedures governing section 4900 claims. (See Stats. 2013, ch. 800.) In addition to amending portions of sections 4901 through 4904, the Legislature added sections 851.865, 1485.5 and 1485.55 to the Penal Code. (See Stats. 2013, ch. 800.) As noted, the relevant provisions are found in sections 1485.5, 1485.55 and 4903.
Sections 1485.5 and 1485.55 can be found in title 12, chapter 1 of the Penal Code, which deals with writs of habeas corpus.
Section 1485.5 governs uncontested facts and court findings stemming from them in writs of habeas corpus, motions to vacate judgments, and certificates of factual innocence. It provides, in pertinent part:
“(a) If the district attorney or Attorney General stipulates to or does not contest the factual allegations underlying one or more of the grounds for granting a writ of habeas corpus or a motion to vacate a judgment, the facts underlying the basis for the court’s ruling or order shall be binding on the Attorney General, the factfinder, and the California Victim Compensation [and Government Claims] Board. [¶] . . . [¶]
“(c) The express factual findings made by the court, including credibility determinations, in considering a petition for habeas corpus, a motion to vacate judgment pursuant to Section 1473.6, or an application for a certificate of factual innocence, shall be binding on the Attorney General, the factfinder, and the California Victim Compensation [and Government Claims] Board.
“(d) For the purposes of this section, ‘express factual findings’ are findings established as the basis for the court’s ruling or order.
“(e) For purposes of this section, ‘court’ is defined as a state or federal court.” (§ 1485.5.)
Thus, section 1485.5, subdivision (a)[2] directs specific tribunals how to consider stipulations and facts not contested by the district attorney or the Attorney General that are made in state and federal habeas corpus proceedings. It further indicates that when the district attorney or the Attorney *1122 General stipulates to or does not contest facts in a habeas corpus proceeding, in all future hearings, the Attorney General, any other fact finder, and the Board are bound by the facts underlying the basis for the court’s rulings, including its credibility determinations. (§ 1485.5(c).) Finally, it defines the term “ ‘express factual findings’ ” and clarifies that “court” includes state and federal courts. (§ 1485.5(d)—(e).)[3]
Section 1485.55, on the other hand, directs specific tribunals how to consider findings in habeas corpus proceedings and motions to vacate judgment where the facts were contested. It states:
“(a) In a contested proceeding, if the court grants a writ of habeas corpus concerning a person who is unlawfully imprisoned or restrained, or when, pursuant to Section 1473.6, the court vacates a judgment on the basis of new evidence concerning a person who is no longer unlawfully imprisoned or restrained, and if the court finds that new evidence on the petition points unerringly to innocence, that finding shall be binding on the California Victim Compensation [and Government Claims] Board for a claim presented to the board, and upon application by the person, the board shall, without a hearing, recommend to the Legislature that an appropriation be made and the claim paid pursuant to Section 4904.
“(b) If the court grants a writ of habeas corpus concerning a person who is unlawfully imprisoned or restrained on any ground other than new evidence that points unerringly to innocence or actual innocence, the petitioner may move for a finding of innocence by a preponderance of the evidence that the crime with which he or she was charged was either not committed at all or, if committed, was not committed by him or her.
“(c) If the court vacates a judgment pursuant to Section 1473.6, on any ground other than new evidence that points unerringly to innocence or actual innocence, the petitioner may move for a finding of innocence by a preponderance of the evidence that the crime with which he or she was charged was either not committed at all or, if committed, was not committed by him or her.
“(d) If the court makes a finding that the petitioner has proven his or her innocence by a preponderance of the evidence pursuant to subdivision (b) or (c), the board shall, without a hearing, recommend to the Legislature that an appropriation be made and the claim paid pursuant to Section 4904.
“(e) No presumption shall exist in any other proceeding for failure to make a motion or obtain a favorable ruling pursuant to subdivision (b) or (c).
*1123 “(f) If a federal court, after granting a writ of habeas corpus, pursuant to a nonstatutory motion or request, finds a petitioner innocent by no less than a preponderance of the evidence that the crime with which he or she was charged was either not committed at all or, if committed, was not committed by him or her, the board shall, without a hearing, recommend to the Legislature that an appropriation be made and the claim paid pursuant to Section 4904.” (§ 1485.55.)
Here, the statute indicates that in contested writ proceedings (and vacations of judgment under § 1473.6), where there are no stipulations or uncontested facts, and a state or federal court finds the petitioner innocent based on new evidence, that finding is binding on the Board, which must compensate the petitioner without a hearing. (§ 1485.55(a).) Further, the statute provides that if the writ (or vacation of judgment) is granted on any other ground, the petitioner can still seek a finding that he or she is innocent by a preponderance of the evidence. (§ 1485.55(b)—(c).) If the petitioner is found innocent during that subsequent hearing, he or she must likewise be compensated by the Board without a hearing. (§ 1485.55(d).) Finally, section 1485.55(e) indicates that in contested proceedings, no presumption is to be made in favor of innocence or guilt, by any subsequent tribunal, if the petitioner fails to make a motion or secure a finding of innocence.
I turn now to section 4903. That section is found in title 6, chapter 5 of the Penal Code, which applies to indemnity for persons erroneously convicted and pardoned. All of chapter 5, comprising sections 4900 through 4906, directs the Board how to handle and report claims for compensation for the wrongly convicted. As applicable here, section 4903 sets out the procedures for a hearing on such a claim:
“(a) At the hearing the claimant shall introduce evidence in support of the claim, and the Attorney General may introduce evidence in opposition thereto. The claimant shall prove the facts set forth in the statement constituting the claim, including the fact that the crime with which he or she was charged was either not committed at all, or, if committed, was not committed by him or her, and the pecuniary injury sustained by him or her through his or her erroneous conviction and imprisonment.
“(b) In a hearing before the board, the factual findings and credibility determinations establishing the court’s basis for granting a writ of habeas corpus, a motion for new trial pursuant to Section 1473.6, or an application for a certificate of factual innocence as described in Section 1485.5 shall be binding on the Attorney General, the factfinder, and the board.
“(c) The board shall deny payment of any claim if the board finds by a preponderance of the evidence that a claimant pled guilty with the specific *1124 intent to protect another from prosecution for the underlying conviction for which the claimant is seeking compensation.” (Italics added.)
So, section 4903(a) indicates who may present evidence and what must be proved at a hearing before the Board. Additionally, section 4903(b) provides that at the hearing, the factual findings and credibility determinations as described in section 1485.5, applicable only to uncontested facts in habeas corpus proceedings, are to be considered binding on the Board.
II. The Board Was Not Bound by the Habeas Corpus Court’s Findings
With this statutory predicate in mind, I focus now on its application in the present case. Madrigal filed his claim with the Board in September 2011, seeking compensation under section 4900. I agree with the majority that since Madrigal’s federal habeas corpus petition was contested, his claim for compensation before the Board was governed by section 4903(a), and it required him to prove the requisite facts demonstrating his innocence. However, I part company with the majority in concluding that section 4903(b) binds the Board to the federal court’s findings and credibility determinations in a contested hearing.
The majority correctly acknowledges that section 1485.5 applies only to uncontested proceedings. It reaches that conclusion by finding the subject headings to be dispositive. (Kurtin v. Elieff (2013) 215 Cal.App.4th 455, 484 [155 Cal.Rptr.3d 573] [subject headings entitled to considerable weight].) I agree the subject headings are persuasive and that the sections complement one another in that section 1485.5 applies to uncontested proceedings and section 1485.55 applies to contested proceedings. It is logical for the Legislature to have drafted one provision, section 1485.5, to apply solely to uncontested proceedings and another provision, section 1485.55, to apply to contested ones. The majority thus correctly repudiates Madrigal’s argument that section 1485.5(c), which provides that express factual findings are to be considered binding in uncontested proceedings, somehow jumps into section 1485.55 and applies in a contested proceeding as well. I agree that section 1485.5(c), indicating the Board is bound by state and federal court credibility determinations, must be read in light of section 1485.5(a), which refers only to the uncontested allegations or stipulations made by the state.
This is the extent to which I agree with the majority, because it next accepts Madrigal’s argument that section 4903(b), describing the factual findings and credibility determinations which are to be binding on the Board, *1125 includes findings and determinations from contested and uncontested proceedings.[4] There is a very obvious flaw in this analysis: it entirely overlooks section 4903(b)’s explicit language providing that only the factual findings and credibility determinations ‘'as described in Section 1485.5” are binding on the Board. (Italics added.) By its reference to the section governing uncontested hearings, the statute explicitly provides that the only factual findings and credibility determinations binding on the Board are those applicable to uncontested proceedings.
It is apparent that the phrase “as described in Section 1485.5” modifies the entirety of “the factual findings and credibility determinations” made in habeas corpus, new trial, and factual innocence proceedings, rather than just the last proceeding listed—“an application for a certificate of factual innocence.” (§ 4903(b).) To read section 4903(b) otherwise—as disjunctively describing three “motions,” the resolution of which results in binding factual findings and credibility determinations, and identifying the last as “a certificate of factual innocence as described in section 1485.5”—does not withstand analysis. First, while section 1485.5 includes applications for a certificate of factual innocence in the list of motions to which it refers, it does not “describe” certificates of factual innocence. Instead, sections 851.8 and 851.86 describe them. Sections 851.8 and 851.86 explain, in detail, a certificate of factual innocence, the procedures for obtaining one, and the consequences to an accused who receives one.
Moreover, section 1485.5(d) defines the term “express factual findings” and section 1485.5(e) defines the term “court.” Neither of these terms is defined in section 4903(b) and their definitions are indispensible for the proper interpretation of the applicability of section 4903(b). Without a reference to section 1485.5 that applies to all three types of motions there is no indication that “court[]” in section 4903(b) means both state and federal courts or that “factual findings” in section 4903(b) means findings established as the basis for the court’s ruling or order. Accordingly, section 4903(b) can only be read to bind the Board to factual findings and determinations of credibility stemming from habeas corpus, new trial and factual innocence proceedings where the facts are uncontested by the Attorney General or the district attorney: the proceedings as described in section 1485.5.
Instead of considering this qualifying language in its analysis, the majority finds section 4903(b) conflicts with section 1485.55(a), and turns to the *1126 legislative history to resolve what it terms an “interpretive inconsistency.” I would not look to the legislative history, because there is no conflict in the statutes. As I have noted, the language of section 4903(b) specifically states that the only facts that are binding in subsequent proceedings are those from uncontested hearings. There is no conflict between section 4903(b) and section 1485.55(a), which indicates that, in a contested proceeding, the Board is only bound by a federal or state court finding of innocence. The entire statutory framework at issue here repeatedly points to the fact that the only binding credibility and factual findings are those which are not contested by the Attorney General or the district attorney. That is what is stated in section 1485.5, governing uncontested hearings, and what is omitted in section 1485.55, governing contested hearings. That is the limitation set forth in section 4903(b). (McLaughlin v. State Bd. of Education (1999) 75 Cal.App.4th 196, 211 [89 Cal.Rptr.2d 295] [“ ‘[We] read every statute “with reference to the entire scheme of law of which it is part so that the whole may be harmonized and retain effectiveness.” ’ ”].) I find no conflict among the relevant statutory provisions. Instead, they are consistent and straightforward.
Having reached this conclusion, it necessarily follows that the Board is bound by a previous habeas corpus court’s factual findings and credibility determinations under section 4903(b) only when those findings are predicated on uncontested proceedings. That is not the case here, as the Board properly found.
III. Substantial Evidence Supports the Board’s Finding
Accordingly, I now address whether substantial evidence supports the Board’s ruling that Madrigal failed to prove his innocence under section 4903(a). (Tennison v. California Victim Comp. & Government Claims Bd. (2007) 152 Cal.App.4th 1164, 1182 [62 Cal.Rptr.3d 88].)
In rejecting Madrigal’s claim, the hearing officer relied on the eyewitnesses’ identification of Madrigal as well as the weaknesses and inconsistencies in the alibi evidence offered by Finley and Howard. Both the victim and eyewitnesses Moreno and Huezo identified Madrigal as the shooter, and testified that Madrigal asked where the victim was from before shooting. The victim also identified Madrigal from a photo lineup nearly three weeks after the shooting. The victim stopped cooperating before trial because he did not want to be considered a snitch.
A sheriff and a district attorney interviewed production manager Howard, who was Madrigal’s supervisor, in July 2009. After showing Howard Madrigal’s time card and other work-related documents from the date of the *1127 shooting, Howard said that Madrigal stopped using his laminating machine at 1:50 p.m. to begin another job, but acknowledged that the work order documenting that fact had been written by Madrigal. Howard had no independent recollection of Madrigal being at work after 1:50 p.m. that day, and said floor supervisor Finley would have a better recollection. The time card evidence was also questionable because employees were not allowed to clock out for one another, Madrigal rarely failed to clock out, and Finley wrote in the 3:30 clock out time by hand at the request of Madrigal’s brother Victor.
In a 2011 interview with prosecutors, codefendant Olivares said that Madrigal was the shooter, that the recorded jailhouse conversation concerned another shooting, and that Madrigal claimed “his boss” had “covered” the timecard issue.
This evidence is sufficient to support the Board’s determination that Madrigal failed to prove his innocence. I would affirm the denial of Madrigal’s petition for writ of mandate.

 All further statutory references are to the Penal Code.

 For ease of reference, a short-cite form omitting the word “subdivision” when referring to subdivisions for each citation to sections 1485.5, 1485.55 and 4903 will be used.

 Sections 1485.5 and 1485.55 were amended in 2014 to add subdivision (e) to section 1485.5.

 In its brief, respondent states, “the question of whether Penal Code section 1485.5, subdivision (c), makes findings from contested habeas corpus proceedings binding on the board is moot, because such findings would be binding under Penal Code section 4903, subdivision (b) To the extent this is an acknowledgement, as the majority suggests, that section 4903(b) makes binding certain factual findings resulting from contested habeas corpus proceedings, I disagree with respondent for the reasons stated in this dissent.