Filed 1/5/17 (unmodified opn. attached)

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| RAFAEL MADRIGAL,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>VICTIM COMPENSATION &<br>GOVERNMENT CLAIMS BOARD,<br><br>    Defendant and Respondent. | B265105<br><br>(Los Angeles County<br>Super. Ct. No. BS148486)<br><br>**ORDER MODIFYING<br>OPINION AND DISSENT**<br><br>[No change in the Judgment] |

GOOD CAUSE appearing, the opinion filed December 20, 2016, in the above entitled matter is hereby modified as follows:

1.  On page 10, line 22, add the following after the citation to *Kurtin v. Elieff* (2013) 215 Cal.App.4th 455:  "Moreover, subdivisions (a) and (c) of section 1485.5 must be read as complementing each other in cases where a habeas petition or other specified motion was uncontested.  Under subdivision (a), the stipulated or contested factual findings are binding.  Subdivision (c) simply clarifies which findings are binding:  the express factual findings made by the court, including credibility determinations."

2.  On page 10, line 26, replace the period at the end of "binding effect" with a comma and add the following:  "but recognize the apparent conflict between section 1485.55, subdivision (a), which, in contested proceedings, calls for the binding effect of findings concerning actual

innocence, and section 4903, subdivision (b), which seems to call for the binding effect of findings made in all habeas proceedings."

3.  On page 10, line 28, delete "issue" as the last word of the sentence that begins "As part of . . ." and add instead "interpretive inconsistency."

FURTHER GOOD CAUSE appearing, the dissent filed December 20, 2016, in the above entitled matter is hereby modified as follows:

1.  On page 8, line 10, add a footnote to the last word of the sentence ending in "*uncontested proceedings.*"  The footnote shall read:  "In its brief, respondent states, 'the question of whether Penal Code section 1485.5, subdivision (c), makes findings from contested habeas corpus proceedings binding on the board is moot, because such findings would be binding under Penal Code section 4903, subdivision (b) . . .'  To the extent this is an acknowledgement, as the majority suggests, that section 4903(b) makes binding certain factual findings resulting from contested habeas proceedings, I disagree with respondent for the reasons stated in this dissent."

2.  On page 11, remove the footnote beginning with "In reaching this conclusion . . ."

The modifications effect no change in the judgment.

_____
RUBIN, J.                    FLIER, J.                    BIGELOW, P. J.

2

Filed 12/20/16 (unmodified version)
**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| RAFAEL MADRIGAL,<br><br>   Plaintiff and Appellant,<br><br>v.<br><br>VICTIM COMPENSATION AND<br>GOVERNMENT CLAIMS BOARD,<br><br>   Defendant and Respondent. | B265105<br><br>(Los Angeles County<br>Super. Ct. No. BS148486) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  James C. Chalfant, Judge.  Reversed and remanded with directions.

Justin Brooks, Alexander Simpson and Raquel Cohen for Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Larenda R. Delaini and Kenneth N. Sokoler, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Rafael Madrigal appeals from the judgment upholding the decision of the state's Victim Compensation and Government Claims Board (Board) to deny Madrigal compensation for wrongful imprisonment after the Board found that Madrigal had not proven he was factually innocent of attempted murder. We hold that the Board erred when it refused to be bound by the findings in a federal district court's order granting Madrigal's habeas corpus petition due to ineffective assistance of counsel. Because it was reasonably probable that consideration of those findings would have caused the Board to award compensation, we reverse and remand for a new hearing before the Board.

**FACTS AND PROCEDURAL HISTORY**

Rafael Madrigal was convicted in 2003 of attempted murder after eyewitnesses identified him as the passenger in a car who, after approaching rival gang members, fired a gunshot that struck and wounded Ricardo Aguilera. As is usual with such cases, there were conflicts, inconsistencies, and weaknesses in the witnesses' testimony.

Madrigal contended he had been at work when the incident occurred. Steve Finley, who was the floor supervisor where Madrigal worked, testified that Madrigal had been at work that day until 3:30 p.m., while the shooting took place about 45 minutes away between 3:00 p.m. and 4:00 p.m. However, Finley admitted that the laminating machine Madrigal operated shut down at 1:50 p.m. that day, that Madrigal could have left up to an hour early without his knowledge, and that instead of Madrigal punching out his time card at 3:30 p.m. on the day of the shooting, Finley recorded that time the next day after talking to Madrigal's brother Victor, who also worked at the plant.[1]

In September 2009, a judge of the United States District Court accepted the findings of a magistrate judge and granted Madrigal's petition for writ of habeas corpus on the ground that

---

[1] This portion of our statement of facts is derived from the decision affirming Madrigal's conviction. (*People v. Madrigal* (Oct. 17, 2005, B170431) [nonpub. opn.].)

2

he received ineffective assistance of counsel at his 2003 trial. The deficiencies fell into four categories.

First, defense counsel's failure to introduce a secretly recorded jailhouse conversation of Madrigal's co-defendant Olivares, who drove the car involved in the shooting. In that conversation, Olivares tells his girlfriend that he cautioned Madrigal about having his brother, Victor, ask around about who the real shooter might have been, and suggests that Madrigal knew nothing about who committed the shooting.

Second, defense counsel's failure to call Madrigal as a witness after telling the jury during opening statement that Madrigal would testify. Madrigal would have told the jury about his alibi defense and his belief that someone named Mendoza had been the shooter.

Third, defense counsel's failure to investigate and present alibi testimony from Robert Howard, who was Madrigal's ultimate supervisor, and who claimed that Madrigal had been at work until 3:00 p.m. on the day of the shooting because only Madrigal could operate a certain machine and Howard would have known if the machine had been shut down early.

Fourth, defense counsel's failure to call Madrigal's brother, Victor, as a witness, because Victor would have testified that he was at work with Madrigal when the shooting occurred, and otherwise would have corroborated Madrigal's alibi.

The magistrate found that Madrigal had been prejudiced by counsel's omissions because, had the missing evidence and omitted witnesses been presented, a different result was reasonably probable. In the context of these ultimate findings, the magistrate made several characterizations about the evidence. The Olivares jailhouse audiotape was "highly reliable and exculpatory evidence in support of [an alibi] defense." The tapes were "compelling evidence to bolster" Madrigal's claim that Mendoza had been the shooter. The prosecution's case was weak. Supervisor Howard's testimony would have provided "a complete alibi and undermined the eyewitness" identifications. Howard's testimony was "certain and unequivocal" and he would have

3

"made a very strong witness" because "his testimony was clear, straightforward, and credible," and would have provided strong support for Madrigal's alibi defense.  Victor's testimony would have been corroborative of, and was consistent with, that of floor supervisor Finley.  The eyewitness testimony about the shooting was questionable.

One month later, the magistrate issued an order granting Madrigal release on bail pending the prosecutor's decision whether to retry Madrigal.  Among the factors the magistrate considered was the possibility of irreparable harm to Madrigal should bail be denied.  In finding that such harm was likely, the magistrate noted that there was "compelling evidence in this case that [Madrigal] is actually innocent of the crime for which he was convicted.  Based upon the alibi evidence that was presented at the evidentiary hearing, it would have been impossible for [Madrigal] to be at the scene of the crime at the time it was committed.  The secretly recorded jailhouse tape of the conversation between [codefendant] Olivares [and his girlfriend] demonstrates that [Madrigal] was not involved in and did not know who committed the offense for which he was charged and convicted.  The eyewitness identifications were conflicting and unreliable.  Finally, there is evidence of a favorable polygraph examination in 2006, conducted by a 23-year veteran of the F.B.I."

In July 2011, the superior court dismissed the still-pending criminal case against Madrigal after the prosecution announced it was not ready to retry him.  In September 2011, Madrigal filed a complaint with the Board seeking compensation for the time he was jailed because he was innocent of the charges.  (Pen. Code, § 4900, et seq.)

Following a contested evidentiary hearing, a hearing officer issued a proposed decision in November 2013 denying Madrigal's claim after finding that Madrigal had not proven his innocence by a preponderance of the evidence.  Before the Board could act on the proposed decision, new legislation took effect in January 2014 that made binding certain factual findings from habeas corpus

and other rulings that went to the issue of a claimant's actual innocence.[2]  The hearing officer then issued a new proposed decision, ostensibly in light of the changes to the law, concluding that:  (1) the habeas corpus findings were not the type that became binding under the new provisions; and (2) Madrigal still failed to prove his actual innocence.  The Board adopted those findings by a 2-1 decision in March 2014 and denied Madrigal's claim.

Madrigal then brought an administrative mandate action against the Board.  The trial court found that the Board's decision was legally and factually correct and entered judgment for the Board.[3]

## STANDARD OF REVIEW

The parties agree that, because Madrigal did not have a fundamental vested right to compensation from the Board, we review the Board's decision to determine whether it is supported by substantial evidence.  (*Tennison v. California Victim Compensation and Government Claims Board* (2007) 152 Cal.App.4th 1164, 1182.)  However, to the extent we construe statutory provisions, an issue of law is presented that we review by applying the rules of statutory interpretation.  (*Harbor Regional Center v. Office of Administrative Hearings* (2012) 210 Cal.App.4th 293, 304.)

The fundamental rule of statutory construction is to ascertain the Legislature's intent in order to give effect to the purpose of the law.  (*Pasadena Metro Blue Line Construction Authority v. Pacific Madrigal Telephone Co.* (2006) 140 Cal.App.4th 658, 663-664 (*Pasadena Metro Blue Line*).)  We first examine the words of the statute and try to give effect to the usual, ordinary import of the language while not rendering any language surplusage.  The words must be construed in context

---

[2]     We will discuss the relevant statutes in detail, *post*.

[3]     We discuss the trial court's findings in more detail in section 2. of our Discussion.

5

and in light of the statute's obvious nature and purpose. The terms of the statute must be given a reasonable and commonsense interpretation that is consistent with the Legislature's apparent purpose and intention. (*Id.* at p. 664.) Our interpretation should be practical, not technical, and should also result in wise policy, not mischief or absurdity. (*Ibid.*) We do not interpret statutes in isolation. Instead, we read every statute with reference to the entire scheme of law of which it is a part in order to harmonize the whole. (*20th Century Ins. Co. v. Superior Court* (2001) 90 Cal.App.4th 1247, 1275.)

If the statutory language is clear, we should not change it to accomplish a purpose that does not appear on the face of the statute or from its legislative history. (*Pasadena Metro Blue Line, supra,* 140 Cal.App.4th at p. 664.) If there is more than one reasonable interpretation of a statute, then it is ambiguous. (*Joannou v. City of Rancho Palos Verdes* (2013) 219 Cal.App.4th 746, 752 (*Joannou*).) If so, we turn to secondary rules of construction, including maxims of construction, the legislative history, and the wider historical circumstances of a statute's enactment. (*Ibid.*)

## DISCUSSION

1. *The Law Applicable to Compensation Claims for the Wrongly Convicted*

Effective January 1, 2014, statutes governing compensation for wrongly convicted persons were either enacted or amended to provide that under some circumstances, findings made as part of habeas corpus and other proceedings had binding effect on the Board when considering compensation claims. We set forth those statutes in relevant part.

First, section 1485.5 was added to the Penal Code.[4] (Stats. 2013, c. 800 (S.B. 618), § 2.) It bore the subject heading, "Stipulation to or no contest of allegations underlying grounds for granting writ of habeas corpus or motion to vacate judgment; facts binding on Attorney General, factfinder, and California

---

[4] All further section references are to the Penal Code.

6

Victim Compensation Board; notice of stipulation of facts; express factual findings, including credibility determinations, to be binding."

The statute itself provides: "(a) If the district attorney or Attorney General stipulates to or does not contest the factual allegations underlying one or more of the grounds for granting a writ of habeas corpus or a motion to vacate a judgment, the facts underlying the basis for the court's ruling or order shall be binding on the Attorney General, the fact finder, and the California Victim Compensation Board. . . .

"(c) The express factual findings made by the court, including credibility determinations, in considering a petition for habeas corpus, a motion to vacate judgment pursuant to Section 1473.6,[5] or an application for a certificate of factual innocence, shall be binding on the Attorney General, the factfinder, and the California Victim Compensation Board."[6]

---

[5] Section 1473.6 allows someone who is no longer incarcerated, and therefore not entitled to habeas relief, to bring a motion to vacate the criminal judgment that led to his earlier imprisonment on the ground of newly discovered evidence of government fraud that points unerringly to innocence, or of government perjury or fabrication of evidence that was substantially probative on the issue of guilt.

[6] Subdivision (b) provides that the district attorney shall notify the Attorney General before stipulating to facts that will be the basis of granting a writ of habeas corpus or a motion to vacate a judgment. Subdivision (d) provides that "express factual findings" are "findings established as the basis for the court's ruling or order."

Soon after its passage, section 1485.5 was amended by adding subdivision (e), which states: "For the purposes of this section 'court' is defined as a state or federal court." (Stats. 2014, c. 28, eff. June 20, 2014.) The legislative history of this amendment states that it clarified "those provisions" governing

7

Section 1485.55 was enacted at the same time. (Stats. 2013, c. 800 (S.B. 618), § 3.) Its subject heading states, "Contested proceedings; granting writ of habeas corpus, judgment vacated, and finding that new evidence points to innocence; finding binding on California Victim Compensation Board; payment of claim; petition for finding of innocence by preponderance of evidence; presumptions." It provides:

"(a) In a contested proceeding, if the court grants a writ of habeas corpus concerning a person who is unlawfully imprisoned or restrained, or when, pursuant to Section 1473.6, the court vacates a judgment on the basis of new evidence concerning a person who is no longer unlawfully imprisoned or restrained, and if the court finds that new evidence on the petition points unerringly to innocence, that finding shall be binding on the California Victim Compensation Board for a claim presented to the board, and upon application by the person, the board shall, without a hearing, recommend to the Legislature that an appropriation be made and the claim paid pursuant to Section 4904." New evidence is "evidence that was not available or known at the time of trial that completely undermines the prosecution case and points unerringly to innocence." (§ 1485.55, subd. (g).)

the binding effect of factual findings in wrongful imprisonment compensation claims. (Sen. Rules Com., Off. of Sen. Floor Analyses, analysis of Sen. Bill No. 854 (2013-2014 Reg. Sess.) as amended June 12, 2014, p. 4, par. 20.)

Because this amendment was intended to clarify the law as it originally existed, its application to this case does not violate the general prohibition against the retroactive application of new legislation. (*Western Security Bank v. Superior Court* (1997) 15 Cal.4th 232, 243.) As a result, when sections 1485.5 and 1485.55 were first enacted, they included applicable federal court habeas rulings, and our analysis will treat these provisions accordingly.

8

Under subdivision (f), the Board must recommend payment of a compensation award *without* a hearing if a federal court grants a habeas corpus petition after finding a defendant innocent by no less than a preponderance of the evidence." (§ 1485.55, subd. (f).)

However, in cases where a writ of habeas corpus or a motion to vacate a judgment was granted on grounds other than new evidence that points unerringly to innocence, the defendant may move the Board for a finding of innocence by a preponderance of the evidence. (§ 1485.55, subds. (b), (c).)

The procedures for claim filing and hearing are found in sections 4900 through 4904. Relevant here is an amendment to section 4903 that was enacted as a companion measure to sections 1485.5 and 1485.55 and that was designed to take into account the new provisions concerning the binding effect of certain court rulings.

Subdivision (a) of section 4903 states that the parties may introduce evidence to support their positions at a claim hearing, with the claimant required to prove his or her innocence. Subdivision (b) was added to that section. (Stats. 2013, c. 800 (S.B. 618, § 7.) It provides: "(b) In a hearing before the board, the factual findings and credibility determinations establishing the court's basis for granting a writ of habeas corpus, a motion for new trial pursuant to Section 1473.6, or an application for a certificate of factual innocence as described in Section 1485.5 shall be binding on the Attorney General, the factfinder, and the board."

2.    *The Habeas Factual Findings Were Binding on the Board*

The trial court found that the habeas petition findings were not binding under sections 1485.5 or 1485.55/4903 because the former applied to only uncontested habeas proceedings while the latter was inapplicable because the findings were made solely in the context of determining whether Madrigal had been prejudiced by his lawyer's ineffective representation.

Madrigal contends the Board (and by extension the trial court) erred by not treating as binding under either section

9

1485.5 subdivision (c) or section 4903, subdivision (b) the findings made by the federal district court in granting him both habeas corpus relief and bail.

Respondent contends, as the trial court found, that the obligation to treat habeas petition findings as binding applies only when the habeas petition was uncontested under section 1485.5. Respondent acknowledges that section 4903, subdivision (b) makes binding certain factual findings from contested habeas proceedings, rendering Madrigal's section 1485.5 contention moot. However, respondent contends that the type of findings made by the district court in granting Madrigal's habeas petition are not binding under section 4903 because they did not form the factual basis of that court's order, which determined only that Madrigal had been prejudiced by his trial lawyer's ineffective representation.[7]

We agree with respondent that the section headings define the parameters of sections 1485.5 and 1485.55, and that they therefore apply, respectively, to uncontested (§ 1485.5) and contested (§ 1485.55) proceedings. (*Kurtin v. Elieff* (2013) 215 Cal.App.4th 455, 484 [section headings may be considered when interpreting a statute, and are entitled to considerable weight].) We conclude that section 4903, subdivision (b) applies to the findings from contested habeas (and other post-conviction relief proceedings) that did not result in findings of actual innocence. We disagree with respondent that the district court's findings in this case have no binding effect.

As part of our analysis of these statutes, we turn to the legislative history to resolve this issue. The Legislative Counsel's Digest is the official summary of the legal effect of a bill and is relied upon by the Legislature throughout the legislative process. (*Joannou, supra,* 219 Cal.App.4th at p. 759.) Although it is not binding, the Digest is entitled to great weight. (*Ibid.*)

---

[7] We understand respondent's "factual basis" argument as a different way of saying the district court's findings were not binding because they did not unerringly point to innocence.

10

The Digest for the statutes we are called on to interpret states that the bill makes binding, without the need for a hearing, findings that point unerringly to innocence. (Legis. Counsel's Dig., Sen. Bill No. 618, (2012-2013 Reg. Sess.) Feb. 22, 2013, p. 1.) The Digest next states that when a writ of habeas corpus is granted for a prisoner who is unlawfully detained, the Board, "in making its determination as to any claim submitted by that person, would be required to incorporate and be consistent with the factual findings, including credibility determinations, of the court granting the writ or reversing the conviction, and . . . those factual findings, including credibility determinations, [are] binding upon the [B]oard." (*Ibid.*)

Notably, the Digest does not limit the latter statement to uncontested habeas proceedings. Instead, it draws a distinction between two types of findings: Those stating that the evidence points unerringly to innocence are binding and require no Board hearing, while other types of findings from earlier habeas or other proceedings are binding when there is *a compensation hearing* in order to provide consistency between both sets of proceedings. The Digest does not indicate that this latter group of findings is dispositive of the availability of a compensation award.

Another bill analysis notes that the California District Attorneys Association was opposed to the bill because "a person could have a conviction reversed for legal error – not insufficiency of the evidence – and face retrial of the charges that were reversed. The person could still file a claim for compensation and rely on factual findings in his or her favor from the habeas proceeding, despite the pending or completed retrial. CDAA objects to the possibility that a person could obtain a grant of compensation and still be convicted in the second trial." (Sen. Com. on Pub. Safety, Analysis of Sen. Bill No. 618 (2012-2013 Reg. Sess.) as amended April 15, 2013, p. P.) The analysis stated in reply that "[w]hile this scenario is theoretically possible, it appears to be extremely unlikely. All material factual findings from the habeas proceeding would be binding on the board, not

11

just those favorable to the claimant. Further, the Attorney General would have full access to the prosecution's evidence countering any claim of innocence and would present that evidence to the board." (*Ibid.*)

The situation described in that scenario is much like ours. Madrigal's conviction was reversed for legal error not directly related to the sufficiency of the evidence, and he temporarily faced the prospect of a retrial. As the legislative history shows, although such a scenario was deemed rare, it was accounted for by the Legislature and rejected as a concern because both negative and favorable findings would be binding and because respondent would have access to all of the prosecution's trial evidence.

In short, the legislative history shows that the Legislature wanted to streamline the compensation process and ensure consistency between the Board's compensation determinations and earlier court proceedings related to the validity of a prisoner's conviction. To accomplish this, the Legislature provided for three scenarios: (1) at *uncontested* habeas and other such proceedings, the factual findings underlying the court's findings are binding (§ 1485.5, subd. (a)); (2) the findings from *contested* proceedings are binding and compensation is awarded without a hearing if the findings are based on new evidence that points unerringly to innocence (§ 1485.55, subd. (a)); and (3) in all other scenarios that result in a hearing before the Board, previous trial court findings and credibility determinations that do not point unerringly to actual innocence are binding, with the Board bound by those findings when evaluating the evidence as part of its determination whether to award compensation. (§ 4903, subd. (b).)

As we have already observed, respondent contends that the type of findings made by the district court when granting Madrigal's habeas petition are not binding under section 4903 because the court did not find that Madrigal's alibi evidence was true or that Madrigal was actually innocent. Instead, the trial court was merely characterizing the relative strength of the

12

defense and prosecution evidence when evaluating whether Madrigal had been prejudiced by his trial lawyer's ineffective representation. We disagree that the section 4903 findings are so limited. Nothing in section 4903 or its legislative history shows that subdivision (b) does not apply to findings of the type made by the district court here. Instead, as the legislative history indicates, the Legislature was motivated in part by the desire to ensure consistency between the Board's determinations and the factual findings made in post-conviction relief proceedings, including those not based on actual innocence.

Moreover, section 4903 expressly applies to both factual findings and credibility determinations, and the district court found witness Howard's testimony was credible. That finding is binding on the Board. Whether other findings are binding on the Board and the precise effect of those findings in light of other evidence is a matter best left for the Board as it applies the standard we have set out today.

Madrigal contends that the district court's findings were tantamount to finding him actually innocent, mandating an award of compensation by the Board. We disagree. On this point, we side with respondent that the nature of those findings fell short of that standard. Madrigal's writ of habeas corpus was granted on the ground of ineffective assistance of counsel. Although the district court made findings concerning the weakness of the prosecution's case and the strength of Madrigal's alibi evidence, it did so in the context of determining whether Madrigal had been prejudiced by his trial lawyer's omissions.

This ruling required a finding that a different result was reasonably probable absent counsel's errors. (*In re Welch* (2015) 61 Cal.4th 489, 517.) Therefore, what the district court found when granting Madrigal's habeas petition was that a different result was reasonably probable if there had been effective assistance of counsel. The court did not find that new evidence pointed unerringly to his innocence. Nevertheless, the Board was not free to ignore the district court's findings even if they did not establish actual innocence.

13

We cannot say that had the Board given binding effect to the district court's findings concerning the prosecution and defense evidence that it would have reached the same result, especially in light of the Board's split decision. We therefore leave it to the Board to make that determination for itself.

We also reject Madrigal's assertion that the findings made when he was granted bail are also binding. Under section 4903, subdivision (b), the only findings that qualify for binding effect are those made when a defendant obtains post-conviction relief by way of a petition for habeas corpus, a motion to vacate the judgment under section 1473.6, or a certificate of factual of innocence.

## DISPOSITION

The judgment is reversed and the matter is remanded to the superior court to enter a new judgment for Madrigal that: (1) reverses the Board's order denying his compensation claim; and (2) directs the Board to hold a new compensation hearing that gives binding effect to the district court's habeas corpus findings in a manner consistent with this decision. Appellant shall recover his appellate costs.

RUBIN, J.

I CONCUR:

FLIER, J.

14

**Madrigal v. Victim Compensation & Government Claims Board**
**B265105**

Bigelow, P. J., Dissenting

I respectfully dissent. The majority misinterprets the application of the pertinent statutes, resulting in a decision that will bind the California Victim Compensation and Government Claims Board (the Board) in many of its future hearings in a misguided manner. Contrary to the majority's view, Penal Code[1] sections 1485.5, 1485.55, and 4903 do not conflict with one another. Instead, they set out a consistent statutory framework which directs that the Board is bound by credibility determinations and findings forming the basis for orders made by a state or federal court in habeas corpus proceedings only where the district attorney or the Attorney General does not contest the predicate factual allegations. When properly construed in this manner, it is apparent the trial court was correct in finding the Board was not bound by the contested factual findings made by the federal district court when it granted Madrigal's habeas petition on the ground of ineffective assistance of counsel. Further, substantial evidence supports the Board's finding that Madrigal failed to demonstrate his innocence. Therefore, I would affirm the trial court's ruling.

---

[1]     All further statutory references are to the Penal Code.

# I. *The Statutory Framework*

California has long had a system for compensating individuals who have been erroneously convicted and incarcerated. (*People v. Etheridge* (2015) 241 Cal.App.4th 800, 806.) Sections 4900 through 4905 set forth the procedure by which an exonerated convict may present a claim to the Board for "'the pecuniary injury sustained by him or her through the erroneous conviction and imprisonment . . . .'" (*Id.* at p. 807.) In 2013, the Legislature enacted a bill to amend the procedures governing section 4900 claims. (See Stats. 2013, ch. 800.) In addition to amending portions of sections 4901-4904, the Legislature added sections 851.865, 1485.5 and 1485.55 to the Penal Code. (See Stats. 2013, ch. 800.) As noted, the relevant provisions are found in sections 1485.5, 1485.55 and 4903.

Sections 1485.5 and 1485.55 can be found in Title 12, Chapter 1 of the Penal Code, which deals with writs of habeas corpus.

Section 1485.5 governs uncontested facts and court findings stemming from them in writs of habeas corpus, motions to vacate judgments, and certificates of factual innocence. It provides, in pertinent part:

> "(a) If the district attorney or Attorney General stipulates to or does not contest the factual allegations underlying one or more of the grounds for granting a writ of habeas corpus or a motion to vacate judgment, the facts underlying the basis for the court's ruling or order shall be binding on the Attorney General, the factfinder, and the California Victim Compensation and Government Claims Board.
> [¶] . . . [¶]
> (c) The express factual findings made by the court, including credibility determinations, in considering a petition for habeas corpus, a motion to vacate judgment pursuant to Section 1473.6, or an application for a certificate of factual innocence, shall be binding on the

2

Attorney General, the factfinder, and the California Victim Compensation and Government Claims Board.
(d) For the purposes of this section, 'express factual findings' are findings established as the basis for the court's ruling or order.
(e) For purposes of this section, 'court' is defined as a state or federal court." (§ 1485.5.)

Thus, section 1485.5(a)[2] directs specific tribunals how to consider stipulations and facts *not contested* by the district attorney or the Attorney General that are made in state and federal habeas proceedings. It further indicates that when the district attorney or the Attorney General stipulates to or does not contest facts in a habeas corpus proceeding, in all future hearings, the Attorney General, any other factfinder, and the Board are bound by the facts underlying the basis for the court's rulings, including its credibility determinations. (§ 1485.5(c).) Finally, it defines the term "express factual findings" and clarifies that "court" includes state and federal courts. (§ 1485.5(d)-(e).)[3]

Section 1485.55, on the other hand, directs specific tribunals how to consider findings in habeas corpus proceedings and motions to vacate judgment where the facts were contested. It states:

---

[2]    For ease of reference, a short-cite form omitting "subdivision" or "subd." for each citation to sections 1485.5, 1485.55 and 4903 will be used.

[3]    Sections 1485.5 and 1485.55 were amended in 2014 to add subdivision (e) to section 1485.5.

3

"(a)  In a contested proceeding, if the court grants a writ of habeas corpus concerning a person who is unlawfully imprisoned or restrained, or when, pursuant to Section 1473.6, the court vacates a judgment on the basis of new evidence concerning a person who is no longer unlawfully imprisoned or restrained, and if the court finds that new evidence on the petition points unerringly to innocence, that finding shall be binding on the California Victim Compensation and Government Claims Board for a claim presented to the board, and upon application by the person, the board shall, without a hearing recommend to the Legislature that an appropriation be made and the claim paid pursuant to Section 4904.

(b)  If the court grants a writ of habeas corpus concerning a person who is unlawfully imprisoned or restrained on any ground other than new evidence that points unerringly to innocence or actual innocence, the petitioner may move for a finding of innocence by a preponderance of the evidence that the crime with which he or she was charged was either not committed at all or, if committed, was not committed by him or her.

(c)  If the court vacates a judgment pursuant to Section 1473.6, on any ground other than new evidence that points unerringly to innocence or actual innocence, the petitioner may move for a finding of innocence by a preponderance of the evidence that the crime with which he or she was charged was either not committed at all or, if committed, was not committed by him or her.

(d)  If the court makes a finding that the petitioner has proven his or her innocence by a preponderance of the evidence pursuant to subdivision (b) or (c), the board shall, without a hearing, recommend to the Legislature than an appropriation be made and the claim paid pursuant to Section 4904.

4

(e)  No presumption shall exist in any other proceeding for failure to make a motion or obtain a favorable ruling pursuant to subdivision (b) or (c).

(f)  If a federal court, after granting a writ of habeas corpus, pursuant to a nonstatutory motion or request, finds a petitioner innocent by no less than a preponderance of the evidence that the crime with which he or she was charged was either not committed at all or, if committed, was not committed by him or her, the board shall, without a hearing, recommend to the Legislature that an appropriation be made and the claim paid pursuant to Section 4904."

(§ 1485.55.)

Here, the statute indicates that in *contested* writ proceedings (and vacations of judgment under section 1473.6), where there are no stipulations or uncontested facts, and a state or federal court finds the petitioner innocent based on new evidence, that finding is binding on the Board, which must compensate the petitioner without a hearing.  (§ 1485.55(a).)  Further, the statute provides that if the writ (or vacation of judgment) is granted on any other ground, the petitioner can still seek a finding that he or she is innocent by a preponderance of the evidence.  (§ 1485.55(b)-(c).)  If the petitioner is found innocent during that subsequent hearing, he or she must likewise be compensated by the Board without a hearing.  (§ 1485.55(d).)  Finally, section 1485.55(e) indicates that in contested proceedings, no presumption is to be made in favor of innocence or guilt, by any subsequent tribunal, if the petitioner fails to make a motion or secure a finding of innocence.

5

I turn now to section 4903. That section is found in Title 6, Chapter 5 of the Penal Code, which applies to indemnity for persons erroneously convicted and pardoned. All of Chapter 5, comprising sections 4900 through 4906, directs the Board how to handle and report claims for compensation for the wrongly convicted. As applicable here, section 4903 sets out the procedures for a hearing on such a claim:

> "(a) At the hearing the claimant shall introduce evidence in support of the claim, and the Attorney General may introduce evidence in opposition thereto. The claimant shall prove the facts set forth in the statement constituting the claim, including the fact that the crime with which he or she was charged was either not committed at all, or, if committed, was not committed by him or her, and the pecuniary injury sustained by him or her through his or her erroneous conviction and imprisonment.
>
> (b) In a hearing before the board, the factual findings and credibility determinations establishing the court's basis for granting a writ of habeas corpus, a motion for new trial pursuant to Section 1473.6, or an application for a certificate of factual innocence *as described in Section 1485.5* shall be binding on the Attorney General, the factfinder, and the board.
>
> (c) The board shall deny payment of any claim if the board finds by a preponderance of the evidence that a claimant pled guilty with the specific intent to protect another from prosecution for the underlying conviction for which the claimant is seeking compensation."
> (§ 4903, italics added.)

So, section 4903(a) indicates who may present evidence and what must be proved at a hearing before the Board. Additionally, section 4903(b) provides that at the hearing, the factual findings

6

and credibility determinations *as described in section 1485.5,* applicable only to uncontested facts in habeas corpus proceedings, are to be considered binding on the Board.

## II. *The Board Was Not Bound By The Habeas Court's Findings*

With this statutory predicate in mind, I focus now on its application in the present case. Madrigal filed his claim with the Board in September 2011, seeking compensation under section 4900. I agree with the majority that since Madrigal's federal habeas corpus petition was contested, his claim for compensation before the Board was governed by section 4903(a), and it required him to prove the requisite facts demonstrating his innocence. However, I part company with the majority in concluding that section 4903(b) binds the Board to the federal court's findings and credibility determinations in a contested hearing.

The majority correctly acknowledges that section 1485.5 applies only to uncontested proceedings. It reaches that conclusion by finding the subject headings to be dispositive. (*Kurtin v. Elieff* (2013) 215 Cal.App.4th 455, 484 [subject headings entitled to considerable weight].) I agree the subject headings are persuasive and that the sections complement one another in that section 1485.5 applies to uncontested proceedings and section 1485.55 applies to contested proceedings. It is logical for the Legislature to have drafted one provision, section 1485.5, to apply solely to uncontested proceedings while another provision, section 1485.55, to apply to contested ones. The majority thus correctly repudiates Madrigal's argument that section 1485.5(c), which provides that express factual findings are to be considered binding in uncontested proceedings, somehow

7

jumps into section 1485.55 and applies in a contested proceeding as well.  I agree that section 1485.5(c), indicating the Board is bound by state and federal court credibility determinations, must be read in light of section 1485.5(a), which refers only to the uncontested allegations or stipulations made by the state.

This is the extent to which I agree with the majority, because it next accepts Madrigal's argument that section 4903(b), describing the factual findings and credibility determinations which are to be binding on the Board, includes findings and determinations from contested *and uncontested proceedings*. There is a very obvious flaw in this analysis:  it entirely overlooks section 4903(b)'s explicit language providing that only the factual findings and credibility determinations "*as described in Section 1485.5*" are binding on the Board.  By its reference to the section governing uncontested hearings, the statute explicitly provides that the only factual findings and credibility determinations binding on the Board are those applicable to uncontested proceedings.

It is apparent that the phrase "as described in Section 1485.5" modifies the entirety of "the factual findings and credibility determinations" made in habeas, new trial, and factual innocence proceedings, rather than just the last proceeding listed—"an application for a certificate of factual innocence."  To read section 4903(b) otherwise – as disjunctively describing three "motions," the resolution of which results in binding factual findings and credibility determinations, and identifying the last as "a certificate of factual innocence as described in section 1485.5. . ." – does not withstand analysis. First, while section 1485.5 includes applications for a certificate of factual innocence in the list of motions to which it refers, it

8

does not "describe" certificates of factual innocence. Instead, sections 851.8 and 851.86 describe them. Sections 851.8 and 851.86 explain, in detail, a certificate of factual innocence, the procedures for obtaining one, and the consequences to an accused who receives one.

Moreover, section 1485.5(d) defines the term "express factual findings" and section 1485.5(e) defines the term "court." Neither of these terms is defined in section 4903(b) and their definitions are indispensible for the proper interpretation of the applicability of section 4903(b). Without a reference to section 1485.5 that applies to all three types of motions there is no indication that "court" in 4903(b) means both state and federal court's or that "factual findings" in section 4903(b) means findings established as the basis for the court's ruling or order. Accordingly, section 4903(b) can only be read to bind the Board to factual findings and determinations of credibility stemming from habeas, new trial and factual innocence proceedings where the facts are uncontested by the Attorney General or the district attorney: the proceedings *as described in section 1485.5*.

Instead of considering this qualifying language in its analysis, the majority finds section 4903(b) conflicts with section 1485.55(a), and turns to the legislative history to resolve what it terms an "interpretive inconsistency." I would not look to the legislative history, because there is no conflict in the statutes. As I have noted, the language of section 4903(b) specifically states that the only facts that are binding in subsequent proceedings are those from uncontested hearings. There is no conflict between section 4903(b) and section 1485.55(a), which indicates that, in a contested proceeding, the Board is only bound by a federal or state court finding of innocence. The entire

9

statutory framework at issue here repeatedly points to the fact that the only binding credibility and factual findings are those which are not contested by the Attorney General or the district attorney. That is what is stated in section 1485.5, governing uncontested hearings, and what is omitted in section 1485.55, governing contested hearings. That is the limitation set forth in section 4903(b). (*McLaughlin v. State Bd. of Education* (1999) 75 Cal.App.4th 196, 211 ["'[We] read every statute "with reference to the entire scheme of law of which it is part so that the whole may be harmonized and retain effectiveness." [Citation.]'"].) I find no conflict among the relevant statutory provisions. Instead, they are consistent and straightforward.

Having reached this conclusion, it necessarily follows that the Board is bound by a previous habeas court's factual findings and credibility determinations under section 4903(b) only when those findings are predicated on uncontested proceedings. That is not the case here, as the Board properly found.

### III.  *Substantial Evidence Supports The Board's Finding*

Accordingly, I now address whether substantial evidence supports the Board's ruling that Madrigal failed to prove his innocence under section 4903(a). (*Tennison v. California Victim Comp. & Government Claims Bd.* (2007) 152 Cal.App.4th 1164, 1182.)

In rejecting Madrigal's claim, the hearing officer relied on the eyewitness' identification of Madrigal as well as the weaknesses and inconsistencies in the alibi evidence offered by Finley and Howard. Both the victim and eyewitnesses Moreno and Huezo identified Madrigal as the shooter, and testified that Madrigal asked where the victim was from before shooting.

10

The victim also identified Madrigal from a photo lineup nearly three weeks after the shooting. The victim stopped cooperating before trial because he did not want to be considered a snitch.

A sheriff and a district attorney interviewed Production Manager Howard, who was Madrigal's supervisor, in July 2009. After showing Howard Madrigal's time card and other work-related documents from the date of the shooting, Howard said that Madrigal stopped using his laminating machine at 1:50 p.m. to begin another job, but acknowledged that the work order documenting that fact had been written by Madrigal. Howard had no independent recollection of Madrigal being at work after 1:50 p.m. that day, and said floor supervisor Finley would have a better recollection. The time card evidence was also questionable because employees were not allowed to clock out for one another, Madrigal rarely failed to clock out, and Finley wrote in the 3:30 clock out time by hand at the request of Madrigal's brother Victor.

In a 2011 interview with prosecutors, codefendant Olivares said that Madrigal was the shooter, that the recorded jailhouse conversation concerned another shooting, and that Madrigal claimed "his boss" had "covered" the timecard issue.

This evidence is sufficient to support the Board's determination that Madrigal failed to prove his innocence.[4]

---

[4] In reaching this conclusion, I note that the magistrate's statements at the bail release hearing do not qualify for binding effect because the relevant statutes specify only three types of hearings from which findings may bind the Board: motions to vacate the judgment under section 1473.6, petitions for writs of habeas corpus, or an application for a certificate of factual innocence. (§§ 1485.5, 1485.55 and 4903.) A bail release hearing,

I would affirm the denial of Madrigal's petition for writ of mandate.

BIGELOW, P.J.

---

even one occurring after a writ of habeas corpus has been granted, is not a part of the habeas proceedings.